IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KATHY CAUDILL, | : | |
| | : | CIVIL ACTION NO. |
| Plaintiff, | : | |
| | : | JUDGE |
| v. | : | |
| | : | MAGISTRATE JUDGE |
| DEPUTY TRACY VARNER, | : | |
| in her personal capacity, | : | |
| c/o Jackson County Sheriff's Office, | : | |
| 350 Portsmouth St. | : | |
| Jackson, OH 45640, | : | **JURY DEMAND ENDORSED HEREON** |
| | : | |
| Defendant. | : | |

## COMPLAINT

### I. Preliminary Statement

1. This action is for equitable and declaratory relief, compensatory and punitive damages, costs, and attorneys' fees against Sheriff's Deputy Varner due to her violations of Kathy Caudill's constitutional, statutory, and common-law rights committed on and shortly after January 4, 2025, when Defendant Varner (1) used excessive force to push Ms. Caudill into a set of bleachers from behind despite Ms. Caudill not resisting or otherwise posing a threat of harm to Deputy Varner or others; (2) battered Ms. Caudill by intentionally causing harmful contact that resulted in serious injury; (3) falsely arrested Ms. Caudill for disorderly conduct when probable cause did not exist to believe that she committed that crime; (4) inflicted injuries on Ms. Caudill by criminal violations of R.C. 2921.45 (depriving constitutional rights) and R.C. 2903.13 (assault) subjecting her to liability under R.C. 2307.60; (5) maliciously prosecuted Ms. Caudill by triggering the bringing of a false disorderly conduct charge against her without probable cause which was ultimately dismissed by the prosecutor; and/or, in the alternative (6) abused process because, even if probable cause existed, she was motivated to create a pretext that would justify the battery and

1

arrest and secure a release of any claim of unconstitutional or tortious conduct or conduct violating a statute.

## II.     Jurisdiction and Venue

2.     Ms. Caudill brings her constitutional claims for excessive force under the Reconstruction Civil Rights Act, 42 U.S.C. § 1983, which enforces the Due Process Clause of the Fourteenth Amendment and incorporates the Fourth Amendment, and her claim for civil damages as provided by R.C. 2307.60(A)(1), and her battery, false arrest, and abuse of process, and malicious prosecution claims under Ohio common law.

3.     This Court has jurisdiction over this action by virtue of 28 U.S.C. §§ 1331 (federal question); 1343 (civil rights); and 1367 (supplemental jurisdiction).

4.     Compensatory and punitive damages may be awarded under 42 U.S.C. § 1983 and the common law of the State of Ohio.

5.     Declaratory, injunctive, and equitable relief are sought pursuant to 28 U.S.C. §§ 2201; 2202; 42 U.S.C. § 1983; and Fed. R. Civ. P. 65.

6.     Costs and attorneys' fees may be awarded pursuant to Fed. R. Civ. P. 54, 42 U.S.C. § 1988, and the common law of the State of Ohio.

7.     Venue lies in this forum pursuant to 28 U.S.C. § 1391(b) and S.D. Ohio Civ. R. 82.1(b) because the claims arose in Jackson County, Ohio, where Defendant Varner engages in law enforcement activities and Ms. Caudill was injured, battered, arrested, charged, and prosecuted.

## III.    Parties

8.     Plaintiff Kathy Caudill is a 61 year old woman and a citizen of the United States; resides in Vinton County, Ohio, within the Southern District of Ohio; and had no criminal record

prior to the false arrest leading to this action.

9. Defendant Sheriff's Deputy Tracy Varner was, at all times material to this Complaint, employed by the Jackson County Sheriff's Office and acted under color of state law; and is being sued in her individual capacity.

## IV. Facts

10. Ms. Caudill is a 61-year-old mother of three, grandmother of nine, and great-grandmother of two.

11. On January 4, 2025, Ms. Caudill attended a Jackson High School basketball game along with several members of her extended family, including her daughters, several granddaughters, two grandsons and one great grandson. Ms. Caudill's minor grandson was playing on the Vinton County High School basketball team.

12. Ms. Caudill and her family were sitting on bleachers in the High School Gymnasium watching the game, approximately eight rows up from the floor.

13. Late in the game, a woman sitting in the row in front of Ms. Caudill began to yell at the game referee.

14. Shortly thereafter, Sheriff's Deputies Jason Wilson and Defendant Tracy Varner came up into the bleachers. Deputy Wilson told Ms. Caudill's granddaughter, who was sitting near Ms. Caudill, that she needed to leave the game.

15. Ms. Caudill's granddaughter protested that she had not yelled at the referee. At this point, the woman who was sitting in front of Ms. Caudill informed Deputy Wilson that she had been the one who yelled. Deputy Wilson responded that the referee had identified Ms. Caudill's granddaughter and that she needed to leave.

16. At this point Ms. Caudill's granddaughter, who was pregnant, got up to leave.

Several of Ms. Caudill's family members, including another granddaughter and her great-grandson, got up to leave with her.

17. As she were leaving, Ms. Caudill's other granddaughter began speaking to the deputies complaining about the situation. One of the deputies informed her that if she did not stop she would be arrested.

18. At this point Ms. Caudill's daughter, who remained in the stands, got up and told this individual, who was her niece, that she needed to shut up, take Ms. Caudill's great-grandson, and go.

19. At this point Ms. Caudill's granddaughters, her great-grandson, and another individual went down the bleachers and exited the gymnasium.

20. At this point Ms. Caudill's daughter Somer, who had planned to leave the game at halftime, decided that it was a good time to leave and got up along with her 6- and 12-year-old sons.

21. At around the same time Ms. Caudill told Deputy Wilson that the girl in front of her had admitted to yelling at her and that this was just stupid.

22. Deputy Wilson then told Ms. Caudill that she had run her mouth enough and that she needed to leave as well.

23. Ms. Caudill immediately picked up her purse and jacket and began to exit the bleachers following Somer and the two grandsons.

24. At this point Deputy Varner was standing in the bleachers. As the six-year-old passed her, Deputy Varner put her hand near his back intending to steer him down the bleachers.

25. At this point Somer, who was in front of the six-year-old, asked Deputy Varner to please not touch her son.

26. Somer and her sons then began to head out of the gymnasium on the gym floor followed closely by Ms. Caudill.

27. At this point Deputy Varner stated "well I'm just going to arrest her," referring to Somer.

28. Ms. Caudill then stated to Deputy Varner "why would you do that?" At the same time, she put her hand out to Somer's back and said "just go."

29. At this point Deputy Varner ran up behind Ms. Caudill's back and shoved her into the bleachers.

30. Ms. Caudill then stood back up trying to comprehend what had just happened.

31. After Ms. Caudill got back up, Deputy Varner shoved her a second time causing her to fall into the bleachers again, knocking off her glasses and leaving her sitting on the second bleacher row facing Deputy Varner.

32. Deputy Varner then climbed on top of the first row of bleachers and placed herself on top of Ms. Caudill, drew her taser, and placed it in Ms. Caudill's face while grabbing her now injured left arm.

33. Ms. Caudill then got to her feet and placed her hands behind her back. Deputy Varner then obtained handcuffs from Deputy Wilson and handcuffed Ms. Caudill. She was then taken out of the school.

34. After standing outside handcuffed in the cold while wearing only a t-shirt, Ms. Caudill was eventually released.

35. Deputy Varner then issued Ms. Caudill a summons in lieu of an arrest warrant for a violation of R.C. 2917.11, disorderly conduct.

36. Immediately following her arrest, Plaintiff's husband drove her to the emergency

5

room to have her injured arm and hip looked at.

37. On January 8, 2025, Deputy Varner filed the summons in lieu of arrest she had previously issued to Ms. Caudill with the Jackson County Municipal Court.

38. In that summons, Deputy Varner falsely stated that Ms. Caudill did recklessly cause annoyance or alarm.

39. The charge omitted any factual description of the events or conduct that recklessly caused annoyance or alarm.

40. This charge had no basis in fact and was issued to trigger prosecution of Ms. Caudill and thereby both justify Deputy Varner's battering and arrest of Ms. Caudill and provide leverage in plea bargaining for persuading Ms. Caudill to sign a release.

41. Deputy Varner acted with knowledge, based on prior processing of misdemeanor charges, that neither the prosecutor nor staff of the Sheriff's Office would further investigate.

42. Deputy Varner acted with the expectation, based on prior processing of misdemeanor charges, that a plea bargain would be accepted and probation without incarceration imposed.

43. Deputy Varner acted with the additional expectation, based on prior processing of misdemeanor charges, that part of a plea bargain would be persuading Mr. Caudill to execute a release of any civil claims against her.

44. Under R.C. 2917.11.E.(3)(a);(b), disorderly conduct is a misdemeanor of the fourth degree if either (a) the offender persists in disorderly conduct after reasonable warning or request to desist, or (b) the offense is committed in the vicinity of a school.

45. Deputy Varner did not claim in her filing either that Ms. Caudill had been persistent or that the offense had occurred in the vicinity of a school.

6

46. The Jackson County Municipal Court interpreted the filing as a minor misdemeanor offense.

47. On October 10, 2025, this charge was dismissed by the Court at the behest of the prosecutor and without any plea bargain or release from Ms. Caudill.

48. On January 20, 2025, Ms. Caudill had an MRI on her elbow which revealed a radial collateral ligament sprain and a partially torn extensor tendon, and she has received treatment since then for pain and recovery.

49. Ms. Caudill's medical appointments cased her to miss work and make up her time with either sick time or flex time.

50. The injuries Plaintiff suffered from Defendant Varner's conduct were not just physical and included loss of income and enjoyment of life, emotional distress, frustration, humiliation, and anguish.

51. Prior to being hired by the Jackson County Sheriff's Office, Deputy Varner had been forced to resign from the Nelsonville, Ohio Police Department due to a social media post celebrating the shooting of Jacob Blake by a police officer in Kenosha, Wisconsin on August 23, 2020.

52. Specifically, Deputy Varner posted: "Kamala Harris says 'the nation has been pierced over Jacob Blake shooting'!….. Only thing I'm aware of being pierced is Jacob Blake with lead. #goodshooting."

53. Deputy Varner violated the constitutional, statutory, and common-law rights of Ms. Caudill by acts done with malicious purposes, in bad faith, and/or in a wanton or reckless manner while performing her law enforcement duties.

54. Defendant Varner acted in conscious disregard of Ms. Caudill's constitutional and

civil rights in a way that was highly probable to cause – and did cause -- her substantial harm.

**V.    Claims for Relief**

    **A.    First Count: Excessive Force**

55.    Paragraphs 1 through 54 are realleged and incorporated herein.

56.    By using excessive force against Plaintiff, Defendant Varner violated Plaintiff's constitutional rights under the Fourteenth Amendment.

    **B.    Second Count: Battery**

48.    Paragraphs 1 through 54 are realleged and incorporated herein.

49.    By intentionally causing harmful contact with Ms. Caudill, which contact resulted in serious injury, Defendants Varner committed a battery in violation of the common law of the State of Ohio.

    **C.    Third Count: False Arrest**

50.    Paragraphs 1 through 44 are realleged and incorporated herein.

51.    By knowingly and/or recklessly arresting Plaintiff without probable cause to do so, Defendants committed false arrest in violation of the common law of the State of Ohio.

    **D.    Fourth Count: Civil Liability for Criminal Conduct**

52.    Paragraphs 1 through 54 are realleged and incorporated herein.

53.    By knowingly depriving, conspiring, or attempting to deprive Plaintiff of her constitutional rights in violation of R.C. 2921.45, and by assaulting Plaintiff in violation of R.C. 2903.13, Defendant Varner is liable for damages under R.C. 2307.60(A)(1).

    **E.    Fifth Count: Malicious Prosecution**

54.    Paragraphs 1 through 54 are realleged and incorporated herein.

55.    By triggering a prosecution of Ms. Caudill through submitting a false disorderly

conduct charge against her, which was ultimately dismissed by the Court and lacked probable cause, Defendant Varner committed malicious prosecution against Plaintiff in violation of the common law of the State of Ohio.

### F. Sixth Count: Abuse of Process

56. Paragraphs 1 through 54 are realleged and incorporated herein.

57. Alternatively, even if probable cause existed, by being motivated to create a pretext which would justify the battery and arrest and secure a release of any claim of unconstitutional or tortious conduct or conduct violating a statute, Defendant Varner committed an abuse of process in violation of the common law of the State of Ohio.

## VI. Prayer for Relief

WHEREFORE, Plaintiff prays that this Court:

a. declare that Defendant Varner violated Plaintiff's constitutional rights, battered her, falsely arrested her, abused process, and/or is civilly liable for her criminal acts;

b. order such equitable relief as will make Plaintiff whole and prevent deprivation of other suspects' rights;

c. award compensatory and punitive damages in excess of $75,000;

d. allow reasonable attorneys' fee and costs; and

e. grant such other relief as the Court may deem appropriate.

Respectfully submitted:

By: */s/ Edward R. Forman*
John S. Marshall (0015160)
*(jmarshall@marshallforman.com)*
Edward R. Forman (0076651)
*(eforman@marshallforman.com)*
Samuel M. Schlein (0092194)
*(sschlein@marshallforman.com)*
MARSHALL FORMAN & SCHLEIN LLC

**OF COUNSEL:**
Louis A. Jacobs (002101)
*(LAJOhio@aol.com)*
177 19th St., Apt. 9C

Oakland, CA 94612  
(614) 203-1255  
Fax (614) 463-9780

250 Civic Center Dr., Suite 480  
Columbus, OH 43215-5296  
(614) 463-9790  
Fax (614) 463-9780

## JURY DEMAND

Plaintiff requests a trial by a jury of eight (8) persons.

By: /s/ *Edward R. Forman*  
Edward R. Forman (0076651)